ROBERT McCAULEY and PRISCILLA, his Wife, Late a Daughter of Abraham Harris, v. PETER WAPLES, Guardian of said Priscilla.

Orphans' Court.   Sussex.   March 9, 1818.

*Ridgely's Notebook II, 54.*

THE CHANCELLOR.   There are no other charges in this account which should be disallowed to the guardian than the sum of $71.15 paid to Benton Harris for clothes for the ward.   Considering the debts pressing upon the ward's estate and the health and strength and age [1] of the ward at the time the $71.15 were expended, it is unreasonable and unjust that such a charge against the ward should be allowed.   The debts due from her deceased father threatened the sale of the estate.   The whole rents were necessary to be applied to those debts to prevent the sale.   The ward had no income, for the debts required every cent of the rent to save the land, and yet an unnecessary expense to the amount of $71.15 is incurred and now charged against the ward.   I call this expense unnecessary because the ward was competent to get her living.   She was healthy and capable of any kind of labor proper for her sex and could have very decently maintained herself.   In cases of this kind, the guardian ought to have compelled her to earn her maintenance.   There is no charge for schooling, neither was any expense incurred by sickness.

The advance of money by Mrs. Harris, the administratrix of the father of the ward, was certainly very meritorious.   She saved the land for the ward, her child, and for her other children; and her present husband, the guardian, should have the benefit of such advance, if it could now be noticed.

But in passing this account he did not choose to charge the ward with any portion of the debts paid the administratrix, his wife.   These charges or debts may still exist against the chil-

---

[1] Burton Harris, witness for the respondent, had testified, "She was about fourteen years old," *Ridgely's Notebook II, 55.*   No other evidence of the ward's age or health is found in the evidence in *Ridgely's Notebook II, 54–56.*

dren. It does not appear that the debts have been actually discharged; they may have been assigned. At any rate, they have not been introduced into this account, and I can take no notice of them, as the exceptions and accounts now appear before me.